UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, et al.,<br><br>    Defendants. | Case No. 25-cv-03850-RFL<br><br>**ORDER GRANTING MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO DISMISS AND DENYING RULE 12(b)(7) MOTION TO DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**<br><br>Re: Dkt. No. 19 |

      The State of California and Governor of California Gavin Newsom (collectively, the "State Plaintiffs") filed this action against the United States Department of Interior ("DOI"), Secretary of Interior Douglas J. Burgum, Acting Assistant Secretary for Indian Affairs Scott Davis, Director of Indian Education Tony Dearman, and Regional Director of the Pacific Region Amy Dutschke (collectively, the "Federal Defendants"), challenging the Federal Defendants' decision to take the Shiloh Site into trust for the purpose of authorizing gaming on the parcel under the Indian Gaming Regulatory Act's ("IGRA") restored lands exception, 25 U.S.C. § 2719(b)(1)(B)(iii). Koi Nation ("Koi") now moves to intervene in this case for the limited purpose of moving to dismiss the case for failure to join an indispensable party. (Dkt. No. 19.)

      Koi filed a similar motion to intervene for the limited purpose of moving to dismiss for failure to join an indispensable party in *Federated Indians of Graton Rancheria v. Burgum et al.*, 24-cv-08582-RFL. In that case, another federally recognized tribe challenged the same land-into-trust decision. There, the Court granted Koi's motion to intervene but denied its motion to dismiss on the basis that the public rights exception applied (the "*FIGR* Order"). As described in

greater detail below, the same logic applies here.  Koi's motion to intervene is **GRANTED** because the tribe has a legally protectable interest at stake in this litigation that may not be adequately represented by the Federal Defendants.  However, Koi's motion to dismiss for failure to join an indispensable party is **DENIED** because the public rights exception applies to this case.  This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

**I.     MOTION TO INTERVENE**

Koi has met its burden of demonstrating that it is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2).  The State Plaintiffs do not contest that Koi's motion was timely, but instead argue that the tribe does not have a legally protected interest in the litigation that cannot be adequately represented by the Federal Defendants.  To the contrary, when DOI issued its Record of Decision and accompanying Decision Letter concluding that IGRA's restored lands exception applied, Koi's legally protected interests to engage in Class II gaming vested.  Prior to that date, no rights had been conferred upon Koi, and intervention would have been improper.  However, once the Shiloh Parcel was taken into trust and it was determined that the restored lands exception applied, Koi's exercisable right to conduct Class II gaming attached.  Indeed, Koi has already received approval of its gaming ordinance from the Chair of the National Indian Gaming Commission, meaning that its rights to Class II gaming have fully materialized.  This is a present, not a future, interest.  Moreover, for the reasons stated in the *FIGR* Order, Koi's interests may not be adequately represented by the Federal Defendants.  Thus, Koi is entitled to intervene as of right in this case.

**II.    MOTION TO DISMISS**

Koi is a required party for the same reasons as explained in the *FIGR* Order.  Here, too, joinder is infeasible because Koi did not abrogate its sovereign immunity.  The same analysis applies under Rule 19(b) as well, meaning that the enumerated factors weigh in favor of dismissal because Koi is an indispensable party.

However, a lawsuit that would otherwise be dismissed under Rule 19(b) may continue

where it seeks to vindicate public rights.  "The contours of the public rights exception have not been clearly defined.  Generally, however, the litigation must transcend the private interests of the litigants and seek to vindicate a public right.  Further, although the litigation may *adversely affect* the absent parties' interests, the litigation must not *destroy* the legal entitlements of the absent parties."  *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996) (citations and quotations omitted).  That is precisely the situation here.

This lawsuit vindicates a broader public interest in compliance with federal law.  In essence, the State Plaintiffs allege that the Federal Defendants cut them out of the approval process for taking the Shiloh Site into trust for purposes of tribal gaming, and thus prevented them from raising the impact of the proposed project on local communities.  IGRA sets out several different paths for authorization of tribal gaming on lands taken into trust after October 17, 1988.  One path is the restored lands exception, which allows DOI to authorize gaming on trust land where the tribe has demonstrated a significant historical connection to the land.  Where that exception applies, the federal government may take land into trust for a tribe for purposes of gaming without seeking input from state or local officials, due to the tribe's historic roots in the land.  A second path is the "two-part determination," which is required when the tribe lacks the required historical connection to the land (and no other exception under IGRA applies).  Under that path, IGRA mandates state and local input, and requires that the interests of the tribe are considered against any potential detriments to the surrounding community.  Here, the State Plaintiffs allege that the Federal Defendants took the land into trust for Koi under the restored lands exception, even though Koi lacks an adequate historical connection to the Shiloh Site to satisfy that exception.  The State Plaintiffs thus allege that, by improperly approving the transaction under the restored lands exception, the Federal Defendants deprived them of the opportunity to present information about the local impacts of the proposed project and avoided balancing Koi's interests against the potential impacts to the local community.

In effect, the State Plaintiffs are seeking to participate in the decisionmaking process in order to ensure that state and local interests are properly considered prior to authorizing tribal

gaming on the Shiloh Parcel. While many lawsuits challenging a determination under IGRA on behalf of private entities may not transcend private interests, *see, e.g.*, *Maverick Gaming LLC v. United States*, 123 F.4th 960 (9th Cir. 2024), the purpose of this lawsuit is to vindicate a broader public interest in participation in the decisionmaking process as statutorily required. Koi argues that the State Plaintiffs' claimed interest in participation is inconsistent with constituent preferences, as evidenced by the fact that California voters adopted a ballot proposition in 2000 to legalize tribal gaming in the state. However, although the state constitutional amendment may indeed "signal a policy of greater openness toward casino-style gaming," the constituency's openness to tribal gaming cannot be conflated with a policy preference for being shut out of the decisionmaking process in its entirety. (Dkt. No. 19 at 22 (quoting *United Auburn Indian Cmty. of Auburn Rancheria v. Newsom*, 472 P.3d 1064, 1077 (Cal. 2020)).) It may well be true that state and local interests favor the authorization of gaming on the Shiloh Parcel. This lawsuit seeks only to have those interests—whatever they may be—represented in that decisionmaking process.

Additionally, while this litigation has the potential to adversely affect Koi's interests, the litigation does not threaten to *destroy* Koi's legal entitlements in the Shiloh Parcel. As courts have repeatedly recognized, the vindication of public rights will often place a "burden on the [vested] rights of nonparties," but such burdens are "acceptable" if "such adjudications do not destroy the legal entitlements of the absent parties." *Conner v. Burford*, 848 F.2d 1441, 1459 (9th Cir. 1988). Courts have "refused to require the joinder of all parties affected by public rights litigation—even when those affected parties have property interests at stake—because of the tight constraints traditional joinder rules would place on litigation against the government." *Id.* (citation omitted). To find "intervenors indispensable" whenever property rights are affected would "sound[] the death knell for any judicial review of executive decisionmaking." *Id.*

The State Plaintiffs' lawsuit does not threaten to destroy Koi's legal entitlements. The Federal Defendants' authority to take land into trust under the Indian Reorganization Act ("IRA"), 25 U.S.C. § 5108, is separate from their authority to determine whether land being

4

taken into trust is eligible for gaming under IGRA, 25 U.S.C. § 2719. The State Plaintiffs are only challenging the Federal Defendants' decision to authorize gaming on the Shiloh Parcel under IGRA's restored lands exception pursuant to 25 U.S.C. § 2719, and seek to have that determination routed through IGRA's two-step determination process instead. The State Plaintiffs have expressly disclaimed any request to challenge the decision to take the land into trust for purposes other than gaming, but instead are asking for the determination regarding gaming eligibility to be re-evaluated under IGRA after considering the pertinent state and local interests. Nor would the relief sought by the State Plaintiffs destroy Koi's interest in gaming operations or activity, as there is no evidence that such operations or activities have begun. As such, this case is more like *Conner* than it is like *Kescoli*, for the reasons explained in the *FIGR* Order. Though the litigation threatens to impair Koi's rights in the Shiloh Site, it does not threaten to destroy them.

### III.   CONCLUSION

Based on the foregoing reasons, Koi's motion to intervene for the limited purpose of moving to dismiss is granted. However, Koi's motion to dismiss under 12(b)(7) for failure to join an indispensable party is denied. As Koi has not waived its sovereign immunity, it will not be joined to this litigation.

**IT IS SO ORDERED.**

Dated: August 26, 2025

                                                                                                    RITA F. LIN
                                                                                                    United States District Judge