UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, et al., <br><br> Defendants. | Case No. 25-cv-03850-RFL <br><br> **ORDER GRANTING STAY PENDING APPEAL IN RELATED CASE** <br><br> Re: Dkt. No. 43 |

California and its governor filed this action against the Department of the Interior and associated officials challenging their decision to take the Shiloh Site into trust to authorize gaming on the parcel under the Indian Gaming Regulatory Act. In a separate case filed by the Federated Indians of Graton Rancheria ("FIGR"), this Court vacated that decision and remanded to the Department of the Interior. *FIGR v. U.S. Dep't of Interior*, No. 24-CV-08582-RFL, 2025 WL 2522376, at *15 (N.D. Cal. Sept. 2, 2025). That order is on appeal. *FIGR v. Burgum*, No. 25-7534 (9th Cir. Dec. 1, 2025); *FIGR v. Koi Nation of Northern California*, No. 25-7585 (9th Cir. Dec. 3, 2025). Defendants now move to stay this case pending those related case appeals. For the reasons that follow, Defendants' motion is **GRANTED**. This order assumes the parties' familiarity with the facts of this case, the applicable legal standards, and both sides' arguments.

When weighing whether to stay a case, a district court considers at least: (1) "possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110

1

(9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The first two factors are neutral, while the third weighs in favor of a stay.

      First, Plaintiffs would not be damaged by a stay.  The decision they challenge has already been vacated by this Court, so it currently has no effect on anyone.  Plaintiffs do not contest that the *FIGR* order already granted the relief that they seek here.  (*See* Dkt. No. 44 at 4.)[1]  Still, they argue that they must be able to protect their "distinct sovereign interests."  (*Id.*)  But those distinct interests are already protected.  Plaintiffs provide no basis to believe that Defendants are not complying with the *FIGR* order in a manner that harms their interests.  (*See id.* at 4 n.2.)  Plaintiffs also argue Defendants will be "afforded significantly more time to oppose" Plaintiffs' motion for summary judgment, but Plaintiffs may later seek an appropriate corresponding extension to their reply and cross-opposition deadline if necessary.  (*See id.* at 4.)

      Nor do Defendants articulate any hardship they would suffer if a stay was denied.  "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'"  *Lockyer*, 398 F.3d at 1112.  Since neither Plaintiffs nor Defendants would suffer harm, the balance of harms is neutral.

      By contrast, a stay would significantly advance the orderly course of justice.  This case and the *FIGR* case both concern the same decision by Defendants.  Requiring the parties to brief summary judgment in this case while the Ninth Circuit decides whether Defendants' decision was unlawful would "waste judicial resources and be burdensome upon the parties," since the *FIGR* appeals might dispose of this case.  *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  Even if some issues remain after those appeals, the Ninth Circuit's decision would provide "considerable assistance" in resolving this case given the substantial overlap in legal issues.  *See Lockyer*, 398 F.3d at 1110.  To the extent that there are distinct issues in this case, "the efficiency to be gained by the stay is not illusory simply because the . . . court will still have to adjudicate the claims."  *See In re PG&E Corp. Sec. Litig.*, 100

---

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

F.4th 1076, 1086 (9th Cir. 2024) (citations omitted).

Since a stay would significantly advance the orderly course of justice without damaging Plaintiffs, the motion to stay is **GRANTED**.  This case is stayed pending the Ninth Circuit's mandate in case numbers 25-7534 and 25-7585.  The parties shall file a joint status report every six months; and shall file a joint status report within 30 days of the Ninth Circuit's last mandate issuing in those two cases with a proposed amended briefing schedule for summary judgment, if necessary.

**IT IS SO ORDERED.**

Dated: February 13, 2026

———————————————
RITA F. LIN
United States District Judge